# In the United States Court of Federal Claims

No. 18-1110C

(Filed: October 17, 2018)

**(NOT TO BE PUBLISHED)**

```
*************************************  )
                                       )
L. RUTHER,                             )
                                       )
                      Plaintiff,       )
                                       )
       v.                              )
                                       )
UNITED STATES,                         )
                                       )
                      Defendant.       )
                                       )
*************************************
```

L. Ruther, *pro se*, Manassas, VA.

Sonia W. Murphy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Chad A. Readler, Acting Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff L. Ruther, also known as Larry Ruther, has brought suit seeking damages and equitable relief against the United States, mentioning the United States District Court for the Eastern District of Kentucky, a judge of that court, and the Department of Veterans Affairs. Compl. at 4-5.[1] The complaint appears to allege that the District Court for the Eastern District of Kentucky, by dismissing a contract suit in 2007, violated the Takings Clause of the Fifth Amendment and deprived Mr. Ruther of his Seventh Amendment right to a jury trial. Compl. at 3, 4. The complaint also suggests that the U.S. Attorney for the Eastern District of Kentucky failed to pursue a wire fraud complaint, which was potentially related to the contract claim. Compl. at 4.

---

[1] Mr. Ruther's complaint is handwritten, and consists largely of phrases and broken sentences. The pagination of the complaint as cited in this opinion corresponds to the page marking of the complaint as reproduced in the ECF system.

7017 2620 0000 7637 4525

The United States ("the government") has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 8. Because this court lacks subject-matter jurisdiction over the complaint, the government's motion to dismiss Mr. Ruther's complaint is GRANTED.[2]

## BACKGROUND

Mr. Ruther is no stranger to the federal courts. "Ruther has a longstanding history of filing frivolous lawsuits in this court," noted a federal district court, 17 years ago. *Ruther v. State Farm Mut. Ins. Co.*, No. 01-671-A, 2001 WL 34360376 (E.D. Va. June 18, 2001), *aff'd*, 21 Fed. Appx. 230 (4th Cir. 2001). Since then, Mr. Ruther has filed at least 35 cases in 13 federal district courts, although this appears to be his first foray into the Court of Federal Claims.[3] A

---

[2]Mr. Ruther has requested a hearing before the court. *See* Pl.'s Mot. for Telephonic Hearing ("Pl.'s Mot."), ECF No. 7. The court considers that a hearing is not necessary, and the motion for a hearing is accordingly DENIED.

[3]*E.g.*, *Ruther v. Gash*, 264 F. Supp. 3d 69 (D.D.C. 2017); *Ruther v. VSP N. Am. LLC*, No. 17-1747, 2017 WL 6886307 (D.D.C. Oct. 5, 2017); *Ruther v. Michigan*, No. 17-1957, 2017 WL 6551189 (D.D.C. Oct. 2, 2017); *Ruther v. Common Collect LLC*, No. 17-1405, 2017 WL 6551194 (D.D.C. Aug. 14, 2017), *aff'd sub nom, Ruther v. Gash*, 707 Fed. Appx. 3 (Mem.) (D.C. Cir. 2017) (per curiam); *Ruther v. G6 Hospitality LLC*, No. 17-1406, 2017 WL 6551185 (D.D.C. Aug. 14, 2017); *Ruther v. Gannett Satellite Network, Inc.*, No. 17-1381, 2017 WL 6549772 (D.D.C. Aug. 14, 2017); *Ruther v. Lamb Ctr.*, No. 17-1404, 2017 WL 4765748 (D.D.C. Aug. 14, 2017); *Ruther v. Sequential Brands Grp. Inc.*, No. 17-1379, 2017 WL 3493109 (D.D.C. Aug. 11, 2017), *aff'd*, 707 Fed. Appx. 3 (Mem.) (D.C. Cir. 2017) (per curiam); *Ruther v. United States*, No. 17-cv-517, 2017 WL 4535715 (W.D. Mich. July 7, 2017); *Ruther v. VSP N. Am. LLC*, No. 17-cv-441, 2017 WL 7371197 (W.D. Mich. June 6, 2017); *Ruther v. Michigan*, No. 17-cv-10176, 2017 WL 2351971 (E.D. Mich. May 31, 2017); *Ruther v. Anderson*, No. 5:14cv73, 2016 WL 2993478 (N.D. W. Va. Apr. 15, 2016); *Ruther v. PLC Mgmt LLC*, No. C15-0781, 2015 WL 13145809 (W.D. Wash. July 16, 2015); *Ruther v. Anderson*, No. 5:14cv73, 2015 WL 12979107 (N.D. W. Va. Mar. 2, 2015); *Ruther v. Anderson*, No. 2:13-cv-32919, 2014 WL 2208081 (S.D. W. Va. May 28, 2014); *Ruther v. Tennessee*, No. 1:13-cv-01642, 2013 WL 12212965 (M.D. Pa. Sep. 17, 2013); *Ruther v. State of Tennessee Officer*, No. 1:13-cv-01642, 2013 WL 3784991 (M.D. Pa. July 18, 2013); *Ruther v. United States Officers*, No. 13-cv-1640, 2013 WL 4041592 (M.D. Pa. Aug. 8, 2013); *Ruther v. State Kentucky Officers*, No. 1:13-cv-1641, 2013 WL 3525032 (M.D. Pa. July 11, 2013), *aff'd*, 556 Fed. Appx. 91 (Mem.) (3d Cir. 2014) (per curiam); *Ruther v. Accor N. Am., Inc.*, No. 11-00227, 2011 WL 3567435 (E.D. Ky. Aug. 11, 2011); *Ruther v. Lynch, Cox, Gilman, Mahan PSC*, No. 3:10cv-772, 2011 WL 1587345 (W.D. Ky. Apr. 26, 2011); *Ruther v. Suntrust Bank*, No. 3:10-cv-318, 2010 WL 3170519 (E.D. Tenn. Aug. 10, 2010); *Ruther v. Gash*, No. 3:10cv-150, 2010 WL 2106633 (W.D. Ky. May 24, 2010); *Ruther v. United States Officers*, No. 3:10cv-291, 2010 WL 1995655 (W.D. Ky. May 19, 2010); *Ruther v. Contretas*, No. 3:09cv-495, 2009 WL 8729588 (E.D. Va. Sep. 25, 2009), *aff'd*, 396 Fed. Appx. 285 (4th Cir. 2010) (per curiam); *Ruther v. Auto Nation, Inc*, No. 09-cv-139, 2009 WL 1383303 (E.D. Ky. May 15, 2009); *Ruther v. State Kentucky Officers*, No. 3:09cv-40-H, 2009 WL

common theme throughout the opinions dismissing his complaints is that Mr. Ruther files barely legible complaints consisting of, when readable, frivolous claims.

Of relevance here, in 2007 Mr. Ruther filed a complaint in federal district court against Commonwealth Collections. *Ruther v. Commonwealth Collections LLC*, No. 07-cv-10-KKC, 2007 WL 914190 (E.D. Ky. Mar. 22, 2007). That court interpreted his complaint as a potential contract claim, but due to illegibility, could not discern subject-matter jurisdiction and dismissed. *Id.*, at *1. The complaint contained what appeared to be a contract labeled as a "Purchase Order" that referenced "Barry Gash," seemed to be dated October 16, 2006, and provided that Mr. Ruther would pay $59,000 for a guaranteed profit of $59,000, or a total return of $118,000. *Id.*, at *2. The district judge ordered that the case be dismissed on March 22, 2007. *Id.*, at *4.

In the present complaint, it appears that Mr. Ruther takes issue with the dismissal of *Commonwealth Collections*. His complaint narrative opens with "Judge . . . USD Court Lexing KY 07 CV Ruth v. Common Collect, Barry Gash, $118,000." Compl. at 4. The complaint includes a purchase order with the same information as in *Commonwealth Collections*. Compl. at 3. Mr. Ruther then states that "[c]ourt take asset, no pay value, no jury trial, summon, subpoena, [illegible] hearing." Compl. at 4 ¶ 1. He requests damages of $118,000 or $8,000,000, and asks this court to order the Department of Justice to initiate a special counsel investigation of the federal courts. Compl. at 4; Pl.'s Mot. ¶ 1.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a

---

1298166 (W.D. Ky. May 8, 2010); *Ruther v. State of Florida Officers*, No. 3:08-cv-691-J-25TEM, 2008 WL 5120907 (M.D. Fla. Dec. 4, 2008); *Ruther v. Kentucky*, No. 3:08cv-425-S, 2008 WL 4949052 (W.D. Ky. Nov. 14, 2008); *Securities & Exch. Comm'n v. Pinnacle Dev. Partners LLC*, No. 1:06-cv-2341-JTC, 2008 WL 11336129, at *1-2 (N.D. Ga. May 21, 2008) (reciting Ruther's attempts to intervene and file other motions); *Ruther v. United States Supreme Court Officers*, No. 6:07-cv-1872-Orl-18DAB, 2008 WL 508406 (M.D. Fla. Feb. 21, 2008); *Ruther v. Gash*, No. 3:07-cv-P369-H, 2008 WL 440284 (W.D. Ky. Feb. 13, 2008); *Ruther v. Weichert Real Estate, Inc.*, No. 3:06-cv-00668-JR, 2006 WL 5444360 (E.D. Va. Oct. 11, 2006); *Ruther v. O'Neal*, No. CIV A 06-cv-303-JMH, 2006 WL 2795508 (E.D. Ky. Sep. 26, 2006); *Ruther v. Kochaniec*, No. 604CV1366ORL19JGG, 2005 WL 1226975 (M.D. Fla. May 3, 2005).

claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year statute of limitations is jurisdictional. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008).

Mr. Ruther, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

### Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

For this court to exercise jurisdiction over any of Mr. Ruther's claims, it must do so under the Tucker Act, 28 U.S.C. § 1491(a). Other statutory grants of jurisdiction to this court appear to be inapplicable.

The government characterizes the complaint as a contract dispute and contends that Mr. Ruther has failed to establish jurisdiction because he "does not legibly allege the existence of any express or implied-in-fact contract with the United States." Def.'s Mot. at 1.

Nonetheless, reading Mr. Ruther's complaint liberally, Mr. Ruther appears to base his suit not in contract, but on the Takings Clause of the Fifth Amendment. Compl. at 4 ("Court take asset, no pay value," in reference to the dismissal of his contract suit in 2007). While Fifth Amendment Takings Claims are cognizable in this court, an adverse judicial ruling is not a governmental taking.

Mr. Ruther also mentions the Sixth Amendment, Compl. at 4 (header) ("suit 1791 US 5, 6, 7"), but this amendment applies to a criminal defendant, U.S. Const. amend. VI, which Mr. Ruther is not. He mentions a deprivation of a right to a jury trial, possibly in reference to the dismissal of his contract suit in 2007. Compl. at 4 ("No jury trial . . . 1791 US 7 Contract $20 . . . ."). He additionally cites the Thirteenth, Compl. at 4 ("1865 US 13 US Slave I stop jury trial"), and Fourteenth Amendments, Compl. at 4 ("1868 US 14 Equal Protect"). Even aside from Mr.

Ruther's failure to explain his reasoning for citing these amendments or to allege facts to support any claim under them, claims under the Seventh, Thirteenth, and Fourteenth Amendments are not money-mandating, and this court thus lacks jurisdiction over claims based upon them. *See Jaffer v. United States*, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6, 1995) (Seventh Amendment); *Smith v. United States*, No. 11-436C, 2012 WL 676709, at *3 (Fed. Cl. Feb. 27, 2012) (Thirteenth Amendment); *Stanwyck v. United States*, 127 Fed. Cl. 308, 315 (2016) (Fourteenth Amendment).

Mr. Ruther's complaint also notably fails to set out "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a). His suit would be, and is, unavailing on that basis alone. *See, e.g., Ruther v. Sequential Brands Grp. Inc.*, 707 Fed. Appx. 3 (Mem.) (D.C. Cir. 2017) (per curiam) (ruling that the district court did not abuse its discretion in dismissing Ruther's complaint for failure to comply with Fed. R. Civ. P. 8(a)); *Ruther v. Gash*, 707 Fed. Appx. 3 (Mem.) (D.C. Cir. 2017) (per curiam) (same).

Finally, any claim Mr. Ruther might have had based on events in 2007, when the District Court for the Eastern District of Kentucky dismissed his contract complaint, would have expired more than five years ago.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Ruther's complaint is GRANTED. Mr. Ruther's complaint shall be DISMISSED.[4] The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge

---

[4] As noted *supra*, at 2 n.2, Mr. Ruther's motion for a hearing is DENIED.